# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RENITA CHALEPAH, as Personal Representative of the Estate of Zachary Nicholas Bear Heels for the benefit of the Heirs and Next of Kin and as Personal Representative of the Estate of Zachary Nicholas Bear Heels, Deceased;**<br><br>**Plaintiff,**<br><br>vs.<br><br>**THE CITY OF OMAHA, a Nebraska Political Subdivision, et al.,**<br><br>**Defendants.** | 8:18CV381<br><br>**AMENDED**<br>**FINAL PROGRESSION ORDER** |

This matter is before the Court after review of the Joint Motion to Extend Progression Order (Filing No. 48). For good cause shown,

**IT IS ORDERED:** The Joint Motion to Extend Progression Order (Filing No. 48) is granted and the final progression order is amended as follows:

1) The jury trial of this case is cancelled and will be rescheduled at a later date.

2) The Pretrial Conference is rescheduled before the undersigned magistrate judge on **August 14, 2020**, at **11:00 a.m.**, and will be conducted in chambers. The parties' proposed Pretrial Conference Order and Exhibit List(s) must be emailed to nelson@ned.uscourts.gov, in Word format, by **3:00 p.m.** on **August 7, 2020**.

3) A telephonic conference to discuss the status of case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **December 6, 2019**, at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) A telephonic conference to discuss trial dates and settlement status will be held with the undersigned magistrate judge on **July 17, 2020**, at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

5) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **November 1, 2019**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **November 15, 2019**.
**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

6) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

|  |  |
|---|---|
| For the plaintiff: | **November 1, 2019** |
| For the defendants: | **December 2, 2019** |

7) The deadlines to complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

|  |  |
|---|---|
| For the plaintiff: | **December 16, 2019** |
| For the defendants: | **January 16, 2020** |
| Plaintiff's rebuttal: | **February 14, 2020** |

8) The deposition deadline is **March 23, 2020**.

> The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is **25.**

9) The deadline for filing motions to dismiss and motions for summary judgment is **April 27, 2020**.

10) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **April 20, 2020**.

11) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

12) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

13) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 2nd day of October, 2019.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.