**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **RENITA CHALEPAH,** as personal representative of the estate of Zachary Nicholas Bear Heels for the benefit of the heirs and next of kin and as personal representative of the estate of Zachary Nicholas Bear Heels, deceased;<br><br>          **Plaintiff,**<br><br>  vs.<br><br>**THE CITY OF OMAHA,** a Nebraska Political Subdivision, et al.,<br><br>          **Defendants.** | 8:18CV381<br><br>SECOND AMENDED<br>FINAL PROGRESSION ORDER |

      This matter comes before the Court on the parties' Joint Motion to Extend the Progression Order ([Filing No. 50](#)). After review of the parties' motion, the Court finds good cause to grant the requested extensions. Accordingly,

      **IT IS ORDERED** that the Joint Motion to Extend the Progression Order ([Filing No. 50](#)) is granted, and the amended final progression order is amended as follows:

1) The pretrial conference is cancelled and will be rescheduled at a later date.

2) The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **December 16, 2019**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **December 30, 2019**.

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The telephone conference originally scheduled for December 6, 2019, is cancelled. A status conference to discuss case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **Monday, January 13, 2020,** at **11:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

4) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, ([Fed. R. Civ. P. 26(a)(2)(B)](#)), and non-retained experts, ([Fed. R. Civ. P. 26(a)(2)(C)](#)), are:

        For the plaintiffs:       **December 16, 2019**
        For the defendants:    **January 16, 2020**

5) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiffs: | **January 30, 2020** |
| For the defendants: | **March 2, 2020** |
| Plaintiffs' rebuttal: | **March 30, 2020** |

6) The deposition deadline is **May 7, 2020**.

7) The telephone conference scheduled for July 17, 2020, is cancelled. A status conference to discuss dispositive motions, the pretrial conference and trial dates, and settlement status will be held with the undersigned magistrate judge on **Friday, May 8, 2020**, at **9:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

8) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **June 4, 2020**.

9) The deadline for filing motions to dismiss and motions for summary judgment is **June 11, 2020**.

10) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

11) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 31st day of October, 2019.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.